# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING



**FILED**

4:10 pm, 8/8/25

Margaret Botkin
Clerk of Court

UNITED STATES OF AMERICA,

Plaintiff,

v.

TYSON AMPIE,

Defendant.

**WARRANT FOR ARREST**

Case Number: _25-MJ-61-R_

To: The United States Marshal and any Authorized United States Officer

    **YOU ARE HEREBY COMMANDED** to arrest **Tyson Ampie** and bring him forthwith to the nearest district court judge or magistrate to answer a Complaint charging him with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and Use of a Communication Facility to Facilitate Felony Drug Offense, in violation of 21 U.S.C. § 843(b).

SCOTT P. KLOSTERMAN
Name of Issuing Officer

_Scott P. Klosterman_
Signature of Issuing Officer

United States Magistrate Judge
Title of Issuing Officer

August 8, 2025, Cheyenne, Wyoming
Date and Location

By Deputy Clerk

Bail fixed at $ ___Detain___

By: _Scott P. Klosterman_

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____. | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG – 8 2025
3.58 PM
Margaret Botkins, Clerk
Cheyenne

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**TYSON AMPIE,**

Defendant.

**CRIMINAL COMPLAINT**
**Under Seal**

Case No. 25-MJ-61-R

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

From on or about October 17, 2024, through and including on or about October 21, 2024, in the District of Wyoming and elsewhere, the Defendant, **TYSON AMPIE**, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with other persons known and unknown, to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

### COUNT TWO

From on or about October 17, 2024, through and including October 21, 2024, in the District of Wyoming, the Defendant, **TYSON AMPIE**, did knowingly, intentionally and unlawfully use a communication facility, to wit, the United States Postal Service, in causing and facilitating the commission of acts constituting a felony under the federal Controlled Substances Act, to wit, Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), as more fully alleged in Count One of this Compliant.

In violation of 21 U.S.C. § 843(b).

I further state that I am a Task Force Officer with the United States Postal Inspection Service and that this complaint is based on the following facts:

**(*See attached Sworn Statement*)**

Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
SHANE REECE

Sworn and attested by the applicant before me by telephone, bearing a previous signature submitted by email communication in accordance with the requirements of Fed. R. Crim. P. 4.1

August 8, 2025    at 3:08 p.m.    at    Cheyenne, Wyoming
_____        _____
Date                                        City and State

Honorable Scott P. Klosterman
United States Magistrate Judge
_____        _____
Name & Title of Judicial Officer                      Signature of Judicial Officer

SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
U.S. POSTAL TFO/INSPECTOR JONATHAN REECE
UNITED STATES V. TYSON AMPIE

I, Jonathan Shane Reece, after being duly sworn, hereby depose and state as follows:

1. I am a United States Postal Inspector Task Force Officer and have been so employed since October 2023, I am assigned to the United States Postal Inspection Service (USPIS) Denver Division, specifically to the Contraband Interdiction and Investigations (CI2) team in Denver, Colorado, which is responsible for investigating narcotics violations involving the United States mail.  My responsibilities include the detection and prevention of the transportation of narcotics/controlled substances through the United States mail, to include, conducting narcotics investigations and executing arrests of individuals for violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance), 843(b) (Use of a Communication Facility to Facilitate the Commission of a Federal Drug Felony) and 846 (Conspiracy to Distribute a Controlled Substance).  Part of my training as a Postal Inspector Task Force Officer included narcotics trafficking investigative techniques related to the identification and detection of controlled substances being transported in the United States mail.

2. Prior to my assignment as a Task Force Officer with USPIS and currently, I am employed as a Special Agent with the State of Wyoming, Office of the Attorney General, Division of Criminal Investigation (DCI), Northwest Enforcement Team (NWET) and is a Peace Officer as defined in Wyoming Statute §§§ 6-1-104 (vi) (D), 9-1-613 and 35-7-1045.

3. Your Affiant has worked in this capacity as a Special Agent, since January 14, 2019 and has held an active Law Enforcement Certification since 2008. Your Affiant was acting as such during all times pertinent herein. As such, Your Affiant is authorized to investigate criminal violations of Wyoming State Statute within the State of Wyoming. Your Affiant is currently assigned to

investigate violations of the Wyoming Controlled Substance Act and other criminal violations as assigned.

4. Your Affiant has been a Certified Law Enforcement Officer with the Greenville County Sheriff's Office, Greenville County, South Carolina for approximately ten (10) years. Your Affiant has over one thousand six hundred (1,600) hours of SCCJA (South Carolina Criminal Justice Academy) Training and RCTA (Regional Counter Drug Training Academy), including, but not limited to the detection, recognition, and investigation of Controlled Substance cases.

5. I have received specialized training in the investigations of illegal narcotics. I have investigated numerous felony and misdemeanor criminal cases. I have participated in investigations of individuals and organizations for violations of federal and state narcotics laws, conducted and participated in surveillance, the introduction of confidential informants, and have participated in investigations that included the interception of wire and electronic communications. I have executed search and seizure warrants where assets, documents, records, and controlled substances have been located and seized. I also have had experience in debriefing defendants, participant witnesses, informants, and other persons who have personal knowledge of the distribution of controlled substances.

6. Based on this training and experience, I am familiar with current drug trends, including smuggling, packaging, concealment techniques, common drug language, conspiracy techniques, including the use of cellular and digital communications devices, common weights and measurements, and drug identification.

7. The information contained within this affidavit is based on my personal observations, training and experience, as well as information relayed to me by other law enforcement officers involved in

this investigation.   I have not included each and every fact known to me concerning this investigation.

## PROBABLE CAUSE

8. In July 2024, the Wyoming Division of Criminal Investigation (DCI), U.S. Postal Inspection Service (USPIS), and the Drug Enforcement Administration (DEA) initiated an investigation into a drug trafficking organization operating in Worland, Wyoming. Law Enforcement conducted numerous interviews and utilized other law enforcement techniques to identify a network of drug distributors. Micah MAAS of Worland, Wyoming was identified as a large-scale drug distributor during this investigation.

9. As part of the investigation, it was believed that MAAS was receiving controlled substances via U.S. Mail from a distributor in San Francisco, California. In turn, TFO/Inspector Reece and Inspector Fergon reviewed USPS business records and observed a parcel sent from San Francisco, addressed to 615 Washakie Avenue, Worland, Wyoming, the residence of Micah MAAS. This parcel was shipped on September 26, 2024 and was not able to be intercepted, but inspectors began monitoring USPS parcels from the San Francisco region to the Big Horn Basin (Washakie County, Wyoming).

10. In late October 2024, Inspector Fergon located another suspicious parcel shipping to 417 Obie Sue Avenue in Worland, Wyoming, an address connected to MAAS because his uncle lives at that address. Inspector Fergon reviewed postal records and observed this parcel to be shipped from a drug source state, California specifically, San Francisco.

11. Agents conducted background investigation on both the sender and receiver names and addresses. Agents observed the sender, Carlos Sanyika, appeared fictious. Agents were unable to locate any "Carlos Sanyika" associated to the sender address of 289 Minerva Street, San Francisco,

California. The listed receiver "Kerry Baker" appears to be a legitimate person with an address at 417 and 419 Obie Sue Avenue in Worland, Wyoming.

12. Based on this information Inspector Fergon asked to have the subject parcel intercepted in Casper, Wyoming. Inspector Fergon took custody of the subject parcel on October 21, 2024 in Casper, Wyoming to conduct additional investigation.

13. On October 21, 2024, a K9 examination of the subject parcel was conducted and a positive result was observed. On October 22, 2024 A Federal Search Warrant was obtained for the parcel.

14. TFO/Inspector Reece and Inspector Fergon opened the parcel and observed approximately eight hundred and ninety-two (892g) grams of methamphetamine in plastic material wrapped in a black Nike sweatshirt.

15. The methamphetamine was further wrapped in a plastic food saver bag. The plastic bag was sent to the Wyoming State Crime Laboratory for latent fingerprint analysis. During the latent examination of the plastic food saver bag that contained over eight hundred grams of laboratory confirmed methamphetamine, Tyson AMPIE's fingerprints were located within the October parcel shipped from San Francisco, California to Worland, Wyoming.

16. Law Enforcement believed that Micah MAAS was the suspected recipient of suspected drug parcels from San Francisco, California. Based on this Inspectors/Agents were able to locate at least two separate cellular phone numbers for MAAS and began to monitor his call history and cellular phone location. During the course of this investigation, it was revealed that MAAS was in communication with known and unknown subjects in both Minnesota, San Francisco, California and later Arizona. On November 22, 2024, TFO/Inspector Reece received video from a USPIS Intel Analysis which was taken from the U.S. Post Office located at 15 Onondaga Avenue, San Francisco, California 94112. The video was dated October 17, 2024. Within the

video, USPIS Intel located the shipper for the October parcel, which contained approximately two (2) pounds of field test positive methamphetamine and was shipped to 417 Obie Sue Avenue, Worland, Wyoming.

17. The shipper appeared to be a young Hispanic or bi-racial male wearing a black hoodie and black hat. Agents utilizing investigative techniques identified Tyson AMPIE as the male captured in the surveillance video shipping the USPS Parcel that contained approximately two (2) pounds of methamphetamine to the State of Wyoming from San Francisco, California.

18. During the course of this investigation Agents were able to identify AMPIE's cellular phone number and monitored call history and the cellular devices location pursuant to a Federal Search Warrant. AMPIE and MAAS were in communication via cellular phone in late December and early January 2025.

**END OF SWORN STATEMENT**

## PENALTY SUMMARY

**DEFENDANT NAME:**    **TYSON AMPIE**

**DATE:**    August 8, 2025

**INTERPRETER NEEDED:**    No

**VICTIM(S):**    No

**OFFENSE/PENALTIES:**

    **Count 1:**    **21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)**
(Conspiracy to Distribute Methamphetamine)

10 Years to Life Imprisonment
Up to $10,000,000 Fine
Nlt 5 Years to Life Supervised Release
$100 Special Assessment

    **Count 2:**    **21 U.S.C. § 843(b)**
(Use of a Communication Facility to
Facilitate Felony Drug Offense)

0-4 Years Imprisonment
Up to $250,000 Fine
1 Year Supervised Release
$100 Special Assessment

**TOTALS:**    10 Years to Life Imprisonment
Up to $10,250,000 Fine
Nlt 5 Years to Life Supervised Release
$200 Special Assessment

**AGENT:**    Shane Reece, USPIS TFO

**AUSA:**    Paige N. Hammer
Assistant United States Attorney

**ESTIMATED TIME OF
TRIAL:**    1 to 5 days

**Penalty Summary**
August 8, 2025
Page 2
                                                          RE:  Tyson Ampie


**WILL THE GOVERNMENT
SEEK DETENTION IN THIS         Yes
CASE:**

**ARE THERE DETAINERS
FROM OTHER                     No
JURISDICTIONS:**

Paige N. Hammer
Wyoming State Bar No. 7-5882
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
paige.hammer@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG - 8 2025
3:58 pm
Margaret Botkins, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

    Case No. _25-MJ-61-R_

TYSON AMPIE,

        Defendant.

## MOTION FOR DETENTION HEARING

The United States moves for pretrial detention of the Defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1.    Eligibility of Case.  This case is eligible for a detention order because the case involves the following:

    a.  An offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substance Act (18 U.S.C. § 3142(f)(1)(C))

    b.  A serious risk that the Defendant will flee (18 U.S.C. § 3142(f)(2)(A))

2.    Reason for Detention.  The court should detain the Defendant because there are no conditions of release which will reasonably assure the Defendant's appearance as required and ensure the Safety of any other person and the community.

3.    Rebuttable Presumption.    The United States will invoke the rebuttable presumption against the Defendant under § 3142(e).  The presumption applies because there is probable cause to believe the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substance Act (18 U.S.C. § 3142(e)(3)(A)).

4.    Time for Detention Hearing.  The United States requests the Court conduct the detention hearing after a continuance of three days.

**DATED** this $\underline{8^{th}}$ day of August, 2025.

Respectfully submitted,

STEPHANIE I. SPRECHER
Acting United States Attorney

By:    _____
PAIGE N. HAMMER
Assistant United States Attorney

2